# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: C.W., A.W., & K.W.**

**No. 14-1164** (Mingo County 13-JA-23 through 13-JA-25)

**FILED**

April 13, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother M.M., by counsel Stacey Kohari, appeals the Circuit Court of Mingo County's October 10, 2014, order denying her motion to reinstate her parental rights to C.W., A.W., and K.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem, Diana Carter Wiedel, filed a response on behalf of the children supporting the circuit court's order. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying her motion to reinstate her parental rights to the children because her voluntary relinquishment of parental rights was obtained by fraud and duress.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2013, the DHHR filed an abuse and neglect petition alleging that petitioner's neglect threatened the children's health and welfare. According to the petition, four days prior, Child Protective Services ("CPS") visited the home. Petitioner's oldest child, A.M., then an adult, stepped onto the porch and told CPS that the children were at church and that petitioner had been rushed to the hospital, although she was unable to say why. However, a CPS employee observed thirteen-year-old K.W. outside the home playing with a water hose in sub-freezing temperatures. Then another child, fifteen-year-old C.W., stepped outside and made excuses for why A.M. would not allow CPS into the home. While standing on the threshold, CPS observed the home to be in a state of complete neglect, with dog feces, garbage, spoiled food, and clothing scattered throughout. The family was further using the electric oven as a primary source of heat. Petitioner later told CPS that she worked long hours and that her daughter, A.M., cared for the children in her absence.

The circuit court held a preliminary hearing the next month, which petitioner attended with appointed counsel. It was later determined that petitioner did not qualify for appointed counsel and her attorney, Joshua Ferrell, was permitted to withdraw. As such, petitioner proceeded pro se at the adjudicatory hearing held in April of 2013, at which the circuit court found petitioner to be an abusing parent. In May of 2013, the circuit court granted petitioner a post-adjudicatory improvement period. In September of 2013, the circuit court reappointed Mr.

1

Ferrell to represent petitioner because she had recently lost her job and, therefore, qualified for appointed counsel. Thereafter, in October of 2013, the circuit court held a dispositional hearing, at which time petitioner announced a desire to voluntarily relinquish her parental rights to the children. The circuit court called a two-hour recess so that the appropriate paperwork could be completed, after which the circuit court questioned petitioner regarding her desire to voluntarily relinquish her parental rights. Ultimately, the circuit court accepted petitioner's voluntary relinquishment.

In February of 2014, petitioner, by new counsel Stacey Kohari, filed a motion seeking to reinstate her parental rights, alleging her relinquishment was not valid because it was obtained through fraud and duress. The circuit court held a hearing the following day and continued the matter to allow time to review transcripts and subpoena witnesses. In April of 2014, the circuit court held a hearing on petitioner's motion, during which her prior attorney testified. Ultimately, the circuit court entered an order denying petitioner's motion. Petitioner now appeals from the order denying her motion to reinstate parental rights.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, pursuant to West Virginia Code § 49-6-7, "[a]n agreement of a natural parent in termination of parental rights shall be valid if made by a duly acknowledged writing, and entered into under circumstances free from duress and fraud." In discussing this statute, we have previously stated that

> [w]hile W.Va.Code [§] 49–6–7 specifically permits a relinquishment of parental rights, it clearly suggests that such an agreement may be invalid if it is not entered into under circumstances that are free of duress and fraud. Whether there has been fraud or duress is a question of fact that must be determined by the circuit court judge. Accordingly, we hold that under the provisions of W.Va.Code [§] 49–6–7, a circuit court may conduct a hearing to determine whether the signing by a parent of an agreement relinquishing parental rights was free from duress and fraud.

*State ex rel. Rose L. v. Pancake*, 209 W.Va. 188, 191, 544 S.E.2d 403, 406 (2001). Upon our review, we find no error in the circuit court denying petitioner's motion for reinstatement of parental rights because she failed to show that she voluntarily relinquished her parental rights due to fraud or duress.

On appeal, petitioner argues that she testified to several factors that evidenced fraud or duress below, including the following: (1) that she believed she may have been charged criminally if she proceeded to disposition; (2) that she did not understand she had a right to a dispositional hearing; (3) that she would not have voluntarily relinquished if she had not been under the impression that her parental rights were going to be terminated; (4) that she was hurried into signing the dispositional order without being allowed to read it; (5) and that Mr. Ferrell advised her she may not be granted visitation with the children if her parental rights were terminated. However, the Court does not agree that this testimony established fraud or duress in obtaining petitioner's voluntary relinquishment because her argument on this issue wholly ignores the conflicting evidence introduced during testimony from her prior attorney.

According to Mr. Ferrell's testimony, petitioner approached him with the idea to voluntarily relinquish her parental rights. The record shows that petitioner contacted Mr. Ferrell on several occasions to discuss voluntarily relinquishing her parental rights to the children because she wished to continue her employment as a truck driver, which required her to be away from home for extended periods. In response, Mr. Ferrell indicated to petitioner that he did not believe the DHHR would seek termination of her parental rights and would provide her with services if she were available. However, according to Mr. Ferrell, petitioner would become "irate and scream" at him that she had to continue working as a truck driver to support her children. Further, Mr. Ferrell testified that he advised petitioner this was not a criminal proceeding and that petitioner never indicated to him that she feared jail time or criminal charges as a result of proceeding to disposition. Additionally, Mr. Ferrell advised petitioner as to what typically occurs at dispositional hearings, discussed the contents of the voluntary relinquishment of parent rights form with petitioner, and advised her about the form.

Based upon this evidence, the circuit court found that petitioner's voluntary relinquishment of parental rights "was free from duress and fraud." Upon our review, the Court agrees. As noted above, the only evidence upon which petitioner relies is her own self-serving testimony that was contradicted by Mr. Ferrell's testimony. We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). As such, the circuit court was free to make credibility determinations when presented with conflicting testimony from petitioner and her prior attorney, and the Court refuses to disturb these determinations.

For the foregoing reasons, we find no error in the circuit court's decision and its October 10, 2014, order is hereby affirmed.

3

Affirmed.

**ISSUED**: April 13, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II